FILED

99 NOV 30 PM 2: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | **ENTERED** |
|  | ) | **NOV 3 0 1999** |
| Plaintiff, | ) |  |
|  |  | CV 97-L-2351-S |
| vs. | ) |  |
| .798 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; JAMES ALLEN RICE, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

RE: Cullman County Tract No. 27

**MEMORANDUM OPINION**

I.   Introduction

Currently pending before this court are objections to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern") and defendants, James Allen Rice and Gala K. Rice.  Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part."  Likewise, the court's review of the Report of Commissioners is only for clear error. The following paragraphs contain the issues that were discussed in oral

15

argument, the parties' objections to the Report of Commissioners, as well as the court's findings and final judgment.

## II.  Discussion and Findings

A.  Damages Awarded for the Permanent Easement

The Commissioners awarded $2,033 for the permanent pipeline easement.  Defendants object to this award claiming that the report of value made by the Commissioners is greatly below market value. Defendants testified as to their opinion of the value of the property before and after the pipeline but did not present any market data to substantiate these opinions. As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear ro be sound and reasonable."  The court finds that the Commissioners' award, made in light of defendants' opinion testimony, was not clearly erroneous.  The defendants' testimony offered for the valuation was not based on any calculation and was solely an opinion.

In addition, defendants object to this court's previous order directing the Commissioners not to consider any evidence on the

value of mineral deposits underlying the easement. The court instructed the Commissioners to hear such evidence only if there was a mining operation in existence at the time of the taking or there was a documented plan for mining the deposit in the reasonably foreseeable future. Neither of the two circumstances existed, and as such, the Commissioners correctly proceeded. For the foregoing reasons, this court approves and adopts the Commissioners' finding as that of this court.

B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $293 was appropriate compensation for the temporary construction easement. For the reasons discussed above, the Commissioners' findings are approved and adopted as the findings of the court.

C.   Damage to the Remaining Property

The Commissioners recommended that the landowners be awarded $2,500 as compensation for damage caused by the pipeline outside of the permanent easement. Plaintiff objects to this award claiming that the evidence does not support such an award. For remainder damages to be an appropriate element of just compensation, the landowners, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use. Although Mr. Rice testified that it was

his intent to develop some portion the tract, no credible evidence was offered to show that there was any intent to develop the property in the "reasonably near future." In addition, plaintiff's appraiser testified that if a subdivision was eventually pursued, the engineering for the subdivision could be achieved without loss of subdivision lots. Therefore, the court finds that the Commissioners' award was clearly erroneous, and the award should be reduced to zero dollars ($0).

III. Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $4,826[1]. Having concluded that only the remainder element of the Commissioners' award is clearly erroneous, the court has decided to moderate such award from $4,826 to $2,326. In view of the foregoing discussion, a separate judgment will be entered in the amount of $2,326 as just compensation in favor of defendants.

DONE this **30th** day of November 1999.

_____

[1]The Report of Commissioners states that the four elements of just compensation total $5,333. However, the four elements of compensation actually add up to $4,826. The court is acknowledging this as an error in calculation.

SENIOR JUDGE